# LUM, DANZIS, DRASCO & POSITAN, LLC

COUNSELORS AT LAW

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
973 403 9000

NEW YORK OFFICE
325 BROADWAY
NEW YORK, NY 10007
212 775 9002

FAX 973 403 9021

RICHARD LUM (1902-1995)
CHARLES H. HOENS, JR. (1922-1994)
MARTIN CLINTON CONANT (1931-1999)
PAUL R. KLEINBERG (1910-1996)
COLIN M. DANZIS (1938-2005)

www.lumlaw.com

WALTER J. FESSLER*
DENNIS J. DRASCO*⁺
WAYNE J. POSITAN*
EDWARD R. McMAHON
CYNTHIA A. MATHEKE*⁺
PAUL A. SANDARS, III*
STEVEN J. EISENSTEIN*
KEVIN F. MURPHY
PHILIP L. CHAPMAN
MICHAEL F. NESTOR◊
JANE S. KELSEY⁺
LISA A. FIRKO
GINA M. SORGE◻⁺
KEVIN J. O'CONNOR
RICHARD A. WEST, JR.
CHRISTINA SILVA LEE

*Also Admitted in New York
◊Also Admitted in Pennsylvania
•Also Admitted in District of Columbia
◻Also Admitted in Florida
⁺Certified Civil Trial Attorney

WILLIAM BOYCE LUM
OF COUNSEL

PAUL J. McADAM•
COUNSEL

ANTHONY R. SICA*
BERNADETTE H. CONDON*
ADAM J. McINERNEY
ANTHONY A. MINGIONE*
KIM V. MERCADO-WASHINGTON
DANIEL M. SANTARSIERO*

WRITER'S DIRECT LINE:
973 228

6763

August 24, 2006

**VIA ELECTRONIC FILING**

Clerk
United States District Court
 for the District of New Jersey
Dr. Martin Luther King, Jr. Federal Building
 and Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re: **Alexander Veman v. Kenneth Williams, et al.**
        **Civil Action No. 06-2907 (WJP)**

Dear Sir or Madam:

    This firm represents the Defendants, Kenneth Williams, James Rogers, Morris County School of Technology, Morris County Vocational School District and County of Morris in connection with the above-referenced matter. In that regard, attached please find Defendants' Answer and Civil Cover Sheet.

                                Very truly yours,

                                LUM, DANZIS, DRASCO & POSITAN, LLC

                              _s/Christina Silva_
                              CHRISTINA SILVA
CS/gp                        A Member of the Firm
Attachments
cc: Clara R. Smit, Esq. (via facsimile 732-843-6602 and regular mail w/enclosure)

250787



**RONALD KEVITZ, ESQ.**
**Morris County Counsel**
**By: Edward R. McMahon, Esq.**
    **Special County Counsel**
Lum, Danzis, Drasco & Positan, LLC
103 Eisenhower Parkway
Roseland, NJ 07068-1049
(973) 403-9000 (973) 403-9021 (FAX)
(ERM-1423)
emcmahon@lumlaw.com
Attorney for Defendants, Kenneth Williams, James Rogers, Morris County School of Technology, Morris County Vocational School District, and Morris County

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER VEMAN, <br><br> Plaintiff, <br><br> -vs- <br><br> KENNETH WILLIAMS, individually and as Director of Adult Education at Morris County School of Technology, JAMES ROGERS, individually and as Superintendent of Morris County School of Technology, MORRIS COUNTY SCHOOL OF TECHNOLOGY, MORRIS COUNTY VOCATIONAL SCHOOL DISTRICT, DR. THOMAS M. KANE, Superintendent of Schools, and MORRIS COUNTY, <br><br> Defendants. | Civil Action No. 2:06-cv-2907 (WJM) <br><br> **ANSWER, AFFIRMATIVE DEFENSES, and DEMAND FOR STATEMENT OF DAMAGES** |

    Defendants, Kenneth Williams ("Williams"), James Rogers ("Rogers"), Morris County School of Technology, Morris County Vocational School District, and Morris County (collectively referred to as "Defendants") by way of Answer to Plaintiff's Complaint, say:

250850_1

# I

## JURISDICTION

Defendants neither admit nor deny the allegations contained in Section I (Jurisdiction) of the Plaintiff's Complaint as they call for a legal conclusion.

# II

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

# III

## NATURE OF CASE

The allegations contained in Section III (Nature of Case) of the Plaintiff's Complaint call for legal conclusions, to which Defendants leave Plaintiff to his proofs thereon. As to allegations of wrongful conduct set forth in Section III (Nature of Case) of the Plaintiff's Complaint, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

1.  Defendants neither admit nor deny the allegations in Paragraph 1 of the "Factual Allegations" section of the Complaint, as they call for a legal conclusion.

2.  Defendants neither admit nor deny the allegations in Paragraph 2 of the "Factual Allegations" section of the Complaint, as they call for a legal conclusion.

3.  Defendants neither admit nor deny the allegations in Paragraph 3 of the "Factual Allegations" section of the Complaint, as they call for a legal conclusion.

4.  Defendants neither admit nor deny the allegations in Paragraph 4 of the "Factual Allegations" section of the Complaint, as they call for a legal conclusion.

5.  Defendants neither admit nor deny the allegations in Paragraph 5 of the "Factual Allegations" section of the Complaint, as they call for a legal conclusion.

6.  Defendants admit that there was a meeting between Kenneth Williams and the Plaintiff, Alexander Veman ("Plaintiff") and his parents regarding the Heating Ventilation Air Conditioning (HVAC) Program offered at the Morris County School of Technology, in or about June 2005. Defendants further admit having knowledge that Plaintiff was hearing impaired. Defendants deny the remainder of the allegations in Paragraph 6 of the Complaint.

7.  Defendants admit that there was a second meeting between Kenneth Williams and Plaintiff in or about July 2005, where a sign language interpreter was provided by Defendants. Defendants deny the remainder of the allegations in Paragraph 7 of the Complaint.

8.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and leave Plaintiff to his proofs thereon.

9. Defendants admit that Plaintiff was accepted as a student to enter into the HVAC Program at the Morris County Vocational School District. Defendants deny the allegations in Paragraph 9 of the Complaint as to the date of acceptance.

10. Defendants admit that Kenneth Williams communicated with Plaintiff via email toward the end of August, 2005, but deny the remainder of the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that newspaper ads were placed for a sign language interpreter and that Plaintiff attended school full-time. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint as they relate to the characterization of sign language interpreting, and leave Plaintiff to his proofs thereon. Defendants deny the remainder of the allegations contained in Paragraph 10 of the Complaint,

12. Defendants admit that from September 2005 through mid-November 2005, Plaintiff attended school without an interpreter. Defendants further admit that there were some communications with Plaintiff and his parents. Defendants deny the remainder of the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that on or about September 12, 2005, Plaintiff and his parents provided defendants with a list of interpreters from the Fair Lawn Deaf Program. Defendants deny the remainder of the allegations in Paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint as they relate to communications between Plaintiff's father and Dr. Kane, and leave Plaintiff to his proofs thereon. Defendants deny the remainder of the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that in or about October 2005, a meeting took place with Plaintiff, Ms. Wlazlowski, John DeMarco, Mr. Williams, and interpreter. Defendants further admit that there was

discussion at the meeting about Plaintiff having a sign language interpreter. Defendants deny the remainder of the allegations in Paragraph 15 of the Complaint.

    16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint as they relate to communications between Plaintiff's father and an attorney, and leave Plaintiff to his proofs thereon. Defendants admit that the school advertised in the newspapers for a sign language interpreter. Defendants deny the remainder of the allegations in Paragraph 16 of the Complaint.

    17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint as they relate to the recommendation and use of the I-communicator, and leave Plaintiff to his proofs thereon. Defendants admit that on or about October 22, 2006, DVR provided the I-communication system. Defendants deny the remainder of the allegations in Paragraph 17 of the Complaint.

    18. Defendants admit that at the end of October, 2005, Ms. Wlazlowski communicated with Mr. Williams, and told the school that she knew of an interpreter, Anna Terrazzino. Defendants further admit that Ms. Terrazzino was hired as an interpreter. Defendants deny the remainder of the allegations in Paragraph 18 of the Complaint.

    19. Defendants admit that Plaintiff failed his first exam. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint as they relate to Plaintiff's prior schooling, and leave Plaintiff to his proofs thereon. Defendants admit that Plaintiff sent a letter to Mr. Rogers regarding the exam. Defendants deny the remainder of the allegations in Paragraph 19 of the Complaint.

    20. Defendants admit that Plaintiff had communication with Mr. Rogers. Defendants further admit that Anna Terrazzino was provided as an interpreter for Plaintiff on or about November 16,

2005. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint as they relate to communications between DVR and Ms. Terrazzino, and leave Plaintiff to his proofs thereon. Defendants deny the remainder of the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

## FIRST COUNT

## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

23. Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint as they call for a legal conclusion, and leave Plaintiff to his proofs thereon.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

    (a)    Defendants deny the allegations in Paragraph 24(a) of the Complaint.

    (b)    Defendants deny the allegations in Paragraph 24(b) of the Complaint.

    (c)    Defendants deny the allegations in Paragraph 24(c) of the Complaint.

    (d)    Defendants deny the allegations in Paragraph 24(d) of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

## SECOND COUNT

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

26. Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint as they call for legal conclusions, and leave Plaintiff to his proofs thereon.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

    (a)    Defendants deny the allegations in Paragraph 27(a) of the Complaint.

    (b)    Defendants deny the allegations in Paragraph 27(b) of the Complaint.

(c)    Defendants deny the allegations in Paragraph 27(c) of the Complaint.

(d)    Defendants deny the allegations in Paragraph 27(d) of the Complaint.

(e)    Defendants deny the allegations in Paragraph 27(e) of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

## THIRD COUNT

### SECTION 504 OF THE REHABILITATION ACT OF 1973

29. Defendants neither admit nor deny the allegations in Paragraph 29 of the Complaint as they call for legal conclusions, and leave Plaintiff to his proofs thereon.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

## THIRD COUNT *[sic]*

### NEW JERSEY LAW AGAINST DISCRIMINATION

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

## FOURTH COUNT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

## CLAIMS FOR RELIEF

Defendants repeat and reallege its answers to Paragraphs 1 through 35 inclusive of the Complaint.

297. The allegations in Paragraphs 36 through 40 inclusive of the Complaint assert legal conclusions to which no response is required from Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted as against Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or the equitable defenses of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants' conduct was not the proximate cause of the Plaintiff's alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants did not violate any duty owed to the Plaintiff under common law or by statute or otherwise.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant, the Defendants complied with all applicable laws, regulations and standards.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by virtue of the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or are otherwise only partially recoverable under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of charitable immunity.

## TENTH AFFIRMATIVE DEFENSE

The Defendants' conduct was not palpably unreasonable and the Defendants can therefore not be held liable under the Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because Defendants acted in good faith and without malice or intent to injure Plaintiffs at all times.

## TWELFTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because all decisions made by Defendants were based upon legitimate, good faith reasons, and in compliance with non-discriminatory policies and practices.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because Defendants did not breach any legal or contractual duty owed to Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because Plaintiff cannot demonstrate that injury was caused by any actions undertaken by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because Defendants engaged in no acts of discrimination toward Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred by virtue of the conduct of third parties over which Defendants had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred because Defendants did not engage in any conduct which was a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages must fail as Defendants did not engage in conduct which would permit recovery of same.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants for punitive damages must fail as Defendants neither actually participated in, nor demonstrated any willful indifference to, alleged discrimination of Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Any allegations or prayers for relief set forth in the Complaint that are not expressly admitted, denied or otherwise responded to are hereby denied.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to assert such additional affirmative defenses discovered or identified during the course of this litigation.

**WHEREFORE,** Defendants, Kenneth Williams, James Rogers, Morris County School of Technology, Morris County Vocational School District, and Morris County demand entry of

Judgment in their favor and against Plaintiff, dismissing with prejudice all claims for relief set forth in the Complaint against Defendants with the award of attorneys' fees, costs of suit and such other relief as the Court deems just and proper.

                                                  Ronald Kevitz
                                                  Morris County Counsel

Dated: August 24, 2006                By: /s/ Edward R/ McMahon
                                                    Edward R. McMahon (ERM 1423)
                                                    Special County Counsel
                                              Lum, Danzis, Drasco & Positan, LLC
                                              103 Eisenhower Parkway
                                              Roseland, New Jersey 07068
                                              Phone: 973-403-9000
                                              Fax: 973-403-9021
                                              emcmahon@lumlaw.com
                                              Attorneys for Defendants, Kenneth Williams, James Rogers, Morris County School of Technology, Morris County Vocational School District, and Morris County

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 8.1 of the Local Rules of the District of New Jersey, Defendants demand a written statement of the amount of damages claimed by Plaintiff, Alexander Veman, within ten (10) days of service of the within Answer.

|  |  |
|---|---|
|  | Ronald Kevitz<br>Morris County Counsel |
| Dated: August 24, 2006 | By: /s/ Edward R/ McMahon<br>    Edward R. McMahon (ERM 1423)<br>    Special County Counsel<br>Lum, Danzis, Drasco & Positan, LLC<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>Phone: 973-403-9000<br>Fax: 973-403-9021<br>emcmahon@lumlaw.com<br>Attorneys for Defendants, Kenneth Williams, James Rogers, Morris County School of Technology, Morris County Vocational School District, and Morris County |

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

The undersigned certifies and declares that the matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding contemplated by this answering Defendant at this time.

                                            Ronald Kevitz  
                                            Morris County Counsel

Dated:  August 24, 2006         By:  /s/ Edward R. McMahon  
                                            Edward R. McMahon (ERM 1423)  
                                            Special County Counsel  
                                   Lum, Danzis, Drasco & Positan, LLC  
                                   103 Eisenhower Parkway  
                                   Roseland, New Jersey 07068  
                                   Phone: 973-403-9000  
                                   Fax: 973-403-9021  
                                   emcmahon@lumlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 18th day of April 2006, a true copy of the foregoing was served via facsimile and regular mail on the following:

> Clara R. Smit, Esq.
> 190 Highway 18 N. Suite 200
> East Brunswick, New Jersey 08816
> Attorney for Plaintiff, Alexander Veman
> (732) 843-6602 (fax)

> Ronald Kevitz
> Morris County Counsel

Dated:  August 24, 2006    By:  /s/ Edward R. McMahon
> Edward R. McMahon (ERM 1423)
> Special County Counsel
> Lum, Danzis, Drasco & Positan, LLC
> 103 Eisenhower Parkway
> Roseland, New Jersey 07068
> Phone: 973-403-9000
> Fax: 973-403-9021
> emcmahon@lumlaw.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alexander Veman

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Clara R. Smit, Esq.
190 Highway 18 N., Suite 200
East Brunswick, NJ 08816

## DEFENDANTS
Kenneth Williams, Individually and as Director of Adult Education at Morris County School of Technology; James Rogers, Individually and as Superintendent of Morris County School of Technology; Morris County School of Technology; Morris County Vocational School District and County of Morris

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)
LUM, DANZIS, DRASCO & POSITAN, LLC
103 Eisenhower Parkway, Roseland, NJ 07068
(973) 403-9000

## II. BASIS OF JURISDICTION (Place An "X" In One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" In One Box for Plaintiff And One Box For Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place An "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus and Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place An "X" In One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Answer to Plaintiff's Complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
August 24, 2006

SIGNATURE OF ATTORNEY OF RECORD
s/ Edward R. McMahon, Esq.

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

template

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

template